## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN V. BUCKLEY,

      Plaintiff,

      v.

PAPERBOY VENTURES, LLC,

      Defendant.

Civil Action No. 11-00208 (CKK)

## MEMORANDUM OPINION
(October 12, 2011)

Plaintiff John V. Buckley ("Buckley") commenced this breach of contract action against Defendant Paperboy Ventures, LLC ("Paperboy") on January 27, 2011. After Paperboy failed to respond to the Complaint or otherwise defend, the Clerk of the Court entered Paperboy's default. Presently before the Court is Buckley's [5] Motion for Entry of Default Judgment, which, upon consideration of Buckley's submissions, the relevant authorities, and the record as a whole, shall be DENIED WITHOUT PREJUDICE.

## I.  BACKGROUND

Buckley filed his Complaint on January 27, 2011. *See* Compl., ECF No. [1]. Therein, Buckley alleges that he and Paperboy, a merchant bank investing in life sciences and technology-based companies, entered into a series of agreements, including: (1) a spring of 2008 agreement whereby Paperboy retained Buckley as a management consultant for a period of one year at the rate of $250 per hour plus expenses; (2) a March 2008 agreement whereby Buckley loaned Paperboy £50,000, payable in thirty days; (3) a December 2008 agreement whereby Buckley loaned Paperboy €65,000, payable in thirty days; and (4) a January 2009 agreement whereby

Buckley loaned Paperboy $25,000, payable in thirty days.  *Id.* ¶¶ 4-8.  In connection with the first

of these agreements—*i.e.*, the management consultant agreement—Buckley submitted invoices

to Paperboy in the amounts of $52,000, $17,444, and €19,946.  *Id.* ¶ 9.

When Paperboy failed to make payment, Buckley commenced this action.  *Id.* ¶ 10.  This

Court has jurisdiction because Buckley is a citizen of "a foreign state" and Paperboy is a "citizen

of a State" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs."  28 U.S.C. § 1332(a)(2).  Buckley served the Summons and Complaint on

Paperboy's registered agent on February 11, 2011.  *See* Aff. of Service, ECF No. [3].  When

Paperboy's deadline to respond elapsed on March 4, 2011, Buckley asked the Clerk of the Court

to enter Paperboy's default, which the Clerk of the Court did on March 16, 2011.  *See* Entry of

Default, ECF No. [6].  In the intervening months, Paperboy has not appeared, sought to set aside

the default, or defended in this action.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a

party's default "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R.

CIV. P. 55(a).  After a default has been entered by the Clerk of the Court, the Court may enter a

default judgment pursuant to Rule 55(b).  FED. R. CIV. P. 55(b).  Upon entry of default by the

Clerk of the Court, the "defaulting defendant is deemed to admit every well-pleaded allegation in

the complaint."  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*,

239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted).  "Although the default

establishes a defendant's liability, the court is required to make an independent determination of

the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). "[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Ultimately, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

### III.  DISCUSSION

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC*, 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court has entered Paperboy's default, and the factual allegations in the Complaint are therefore taken as true. *See R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. Here, Buckley's Complaint alleges sufficient facts to support Paperboy's liability.

Nonetheless, because the amount of damages is not certain, the Court must make an independent determination of the sum to be awarded. *Adkins*, 180 F. Supp. 2d at 17. Where, as here, the underlying contractual obligation is denominated in a foreign currency, in whole or in part, the case law reveals three basic approaches to determining the amount of damages. Depending on the circumstances, courts may (a) apply the "day of judgment" rule, calculating damages based on the prevailing exchange rate and the date of judgment, (b) apply the "breach day" rule, calculating damages based on the prevailing exchange rate at the time of the breach, or

3

(c) simply award damages in the foreign currency denominated in the agreement.  *See generally Elite Entm't, Inc. v. Khela Bros. Entm't Inc.*, 396 F. Supp. 2d 680, 694 (E.D. Va. 2005) (identifying the common approaches and citing cases).  Which options are available, and deciding among them, are questions of substance, not procedure.  *See Vishipco Line v. Chase Manhattan Bank, N.A.*, 660 F.2d 854, 865 (2d Cir. 1981), *cert. denied*, 458 U.S. 976 (1982); *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 322 (6th Cir. 2011); Restatement (Third) of Foreign Relations Law § 823 cmt. a (1987).  Because this Court is sitting in diversity, it must ask which approach is favored by the law of the jurisdiction that governs the agreements between Buckley and Paperboy.  However, this threshold question is left entirely unaddressed by Buckley in his Motion for Entry of Default Judgment.  Instead, citing the United States Court of Appeals for the District of Columbia Circuit's decision in *Tramontana v. S.A. Empresa de Viacao Area Rio Grandense*, 350 F.2d 468 (D.C. Cir. 1964), *cert. denied*, 383 U.S. 943 (1966), Buckley presumes that this Court should apply the "day of judgment" rule and asks the Court to enter judgment in an amount approximate to $292,378.13, plus costs in the amount of $495.00.  But Buckley provides no choice-of-law analysis such that would allow this Court to discern which jurisdiction's (or jurisdictions') law governs his agreements with Paperboy.  Absent an answer to that threshold question, the Court is unable to determine the amount of damages to be awarded. Accordingly, the Court shall DENY Buckley's Motion for Entry of Default Judgment WITHOUT PREJUDICE.

## IV.  CONCLUSION

For the reasons set forth above, Buckley's [5] Motion for Entry of Default Judgment shall be DENIED WITHOUT PREJUDICE.  To the extent Buckley intends to file a renewed motion

seeking entry of a default judgment, he must provide a sufficient factual and legal basis for this

Court to determine if, and how, the foreign currencies denominated in the parties' agreements

should be converted to United States dollars, which shall include an appropriate choice-of-law

analysis.  If Buckley intends to rely on factual allegations that are not included in the Complaint,

those factual allegations must be supported by a sworn affidavit, declaration, or other competent

evidence.  An appropriate Order accompanies this Memorandum Opinion.


Date:   October 12, 2011


                              _____/s/_____
                              **COLLEEN KOLLAR-KOTELLY**
                              United States District Judge