UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN V. BUCKLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  1:11-cv-00208-CKK |
| ) | |
| **PAPERBOY VENTURES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THE PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT
OF HIS RENEWED MOTION FOR DEFAULT JUDGMENT**

In its order dated December 8, 2011, the Court gave plaintiff John Buckley leave to file a supplemental brief concerning Allen Andersson's allegations that service of process on defendant Paperboy Ventures LLC was insufficient and that the defendant's "legal existence" has been "expunged" by the State of Delaware.  These two issues are addressed below.

1. **The defendant was properly served.**  Paperboy Ventures LLC is a Delaware limited liability company headquartered in the District of Columbia.  It was required by D.C. Code § 29-1009 to appoint a registered agent who was authorized to transact business in the District.  According to the records of the District of Columbia Department of Consumer and Regulatory Affairs, which were accessed by plaintiff's counsel again last month shortly after the Court's order of November 12, 2011, Paperboy Ventures' registered agent remains Shane L. Bateman.  *See* https://corp.dcra.gov/WebSearch.aspx (accessed November 14, 2011) attached as Exhibit A.  Process in this case was served on

1

Mr. Bateman on February 11, 2011, as shown by the return of service filed with the Court on February 22, 2011.  Accordingly, service of process was properly effectuated.  The fact that Andersson believes this to be inadequate service, particularly while simultaneously admitting on page 8 of his unfiled *pro se* motion that "I do not know just what a registered agent is," is irrelevant.[1]

    2.    **Paperboy Ventures LLC still exists.**  Andersson asserts on page 7 of his unfiled *pro se* motion that Paperboy Ventures "has not paid franchise fees to Delaware … since 2008" and that the State of Delaware therefore "automatically expunged Paperboy's legal existence."  This latter statement is not accurate.  According to DEL. CODE tit. 6, § 18-1107(k), "[a] domestic limited liability company that has ceased to be in good standing by reason of its neglect, refusal or failure to pay an annual tax shall remain a domestic liability company formed under this chapter."  Thus, even if the defendant has not paid its annual franchise fees, it still exists.  Were the law otherwise, any limited liability company could escape liability to creditors by the simple expedient of refusing to pay a nominal franchise tax.  That is not what Delaware law provides.  Paperboy's "legal existence" was not "expunged."

---

[1] Additionally, Andersson, the sole member and manager of the defendant, has had actual knowledge of the existence of this case since February 2011.  Even if Mr. Bateman failed to communicate to him that the suit had been filed and served – which not even Andersson alleges to be the case – Andersson emailed the plaintiff on February 13, 2011, two days ,after Mr. Bateman was served, and said in part: "Hello John!  A friend recently gave me a link to a notice on dockets.justia.com indicating a lawsuit styled Buckley v. Paperboy Ventures LLC.  Can you tell me anything about it?"  Andersson's entire email is attached as part of Exhibit B; the forwarding message from the plaintiff to his counsel has been redacted.  Andersson's claim on page 8 of his unfiled *pro se* motion that he was kept "in the dark even as to the existence of this lawsuit" is simply not true.

**Conclusion.**  The rest of Andersson's unfiled motion is replete with misstatements, mischaracterizations and rambling flights of fancy.  It is not worthy of a response beyond noting that it confirms the wisdom of requiring Paperboy Ventures to obtain counsel if it wants to participate in this case.

The plaintiff remains under no obligation to serve this brief on anyone. *See* Fed. R. Civ. P. 5(a)(2), 55(b)(2).  Nevertheless, a copy is being mailed to Andersson.  Plaintiff John Buckley respectfully requests that his renewed motion for default judgment be granted.

Dated:  December 16, 2011     Respectfully submitted,

                                                    /s/
Philip J. Harvey (#252080)
FISKE & HARVEY, PLC
100 N. Pitt Street, Suite 206
Alexandria, VA 22314
Telephone: (703) 518-9910
Facsimile: (703) 518-9931
pharvey@fiskeharvey.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing was served this 16th day of December, 2011, by U.S. Mail, postage prepaid, on the following:

        Allen Andersson
        4100 Cathedral Avenue, NW, #802
        Washington, DC  20016

                /s/
        Philip J. Harvey (#252080)
        pharvey@fiskeharvey.com
        Fiske & Harvey, PLLC
        100 North Pitt Street, Suite 206
        Alexandria, VA 22314
        Tele: (703) 518-9910
        Fax: (703) 518-9931

        *Counsel for Plaintiff*