# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOHN V. BUCKLEY,

    Plaintiff,

v.

PAPERBOY VENTURES, LLC,

    Defendant.

Civil Action No. 11-00208 (CKK)

## MEMORANDUM OPINION
(June 19, 2012)

Plaintiff John V. Buckley brings this breach of contract action against Defendant Paperboy Ventures, LLC.  When Defendant failed to respond to the [1] Complaint or otherwise defend, the Clerk of the Court entered a default at Plaintiff's request.  Plaintiff then filed a [5] Motion for Entry of Default Judgment, which the Court denied without prejudice, with leave to re-file, because Plaintiff failed to provide an adequate factual and legal basis to allow the Court to determine the amount of damages to be awarded.  *See Buckley v. Paperboy Ventures, LLC*, 277 F.R.D. 20 (D.D.C. 2011).  Currently before the Court is Plaintiff's [12] Renewed Motion for Default Judgment, which responds to the concerns previously articulated by the Court.  Upon careful consideration of Plaintiff's submissions, the relevant authorities, and the record as a whole, the motion shall be GRANTED.

## I. BACKGROUND

In the spring of 2008, Defendant, a merchant bank investing in life sciences- and technology-based companies, retained Plaintiff to serve as a management consultant for a period of one year, agreeing to compensate Plaintiff at a rate of $250 per hour and to reimburse him for expenses (the "Management Consulting Agreement"). Compl., ECF No. [1], ¶ 5.[1]  Plaintiff later submitted invoices to Defendant in the amounts of $52,000, $17,444, and €19,946 for services rendered and expenses incurred. *Id.* ¶ 9.  Defendant failed to render payment. *Id.* ¶ 10.

In addition, in 2008 and 2009, Plaintiff and Defendant entered into a series of agreements by which Plaintiff loaned Defendant varying amounts of money, including: (1) a March 2008 agreement whereby Plaintiff loaned Defendant £50,000, payable within thirty days (the "March 2008 Agreement"); (2) a December 2008 agreement whereby Plaintiff loaned Defendant €65,000, payable within thirty days (the "December 2008 Agreement"); and (3) a January 2009 agreement whereby Plaintiff loaned Defendant $25,000, payable within thirty days (the "January 2009 Agreement"). *Id.* ¶¶ 6-8.  Defendant failed to repay each loan. *Id.* ¶ 10.

Plaintiff commenced this action on January 27, 2011.  Defendant's registered agent was properly served with process on February 11, 2011.  *See* Aff. of Service, ECF No. [3]; Pl.'s Suppl. Br. in Supp. of His Renewed Mot. for Default J., ECF No. [14], Ex. A; *see also* FED. R. CIV. P. 4(h)(1)(B).  This Court has jurisdiction because Plaintiff is a citizen of "a foreign state" and Defendant is a "citizen of a State" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(2).

---

[1] The Court's recitation of the factual background of this case is derived from the well-pleaded factual allegations in the Complaint, which are deemed to be admitted. *See infra* Part II; *see also* Second Decl. of John V. Buckley, ECF No. [12-2].

When Defendant's deadline to respond to the Complaint elapsed on March 4, 2011, Plaintiff asked the Clerk of the Court to enter Defendant's default, which the Clerk of the Court did on March 16, 2011. *See* Entry of Default, ECF No. [6]. Plaintiff then filed a [5] Motion for Entry of Default Judgment, which the Court denied without prejudice on October 12, 2011 because Plaintiff failed to provide an adequate factual and legal basis to allow the Court to determine the amount of damages to be awarded. *See Buckley v. Paperboy Ventures, LLC*, 277 F.R.D. 20 (D.D.C. 2011). Plaintiff, with the Court's leave, filed the instant [12] Renewed Motion for Default Judgment on November 17, 2011. Plaintiff filed a [14] Supplemental Brief in Support of his Renewed Motion for Default Judgment on December 16, 2011.[2] Defendant has not responded to the motion. Indeed, Defendant has never entered an appearance or defended in this case.[3]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Upon entry of a default by the clerk, the well-pleaded allegations in the complaint are deemed admitted. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Thereafter, unless the claim is for a sum certain, the plaintiff must apply to the court for a

---

[2] Plaintiff's supplemental brief explains why the suspension of Defendant's "good standing" status in its home state for failure to pay certain annual taxes does not preclude entry of a default judgment in this case. *See* DEL. CODE ANN. tit. 6, § 18-1107(i), (k), (m).

[3] Periodically, an individual named Allen Andersson ("Andersson"), who purports to be Defendant's sole member and owner, has attempted to file documents with the Court. Andersson was advised of the "rule . . . that artificial entities must be represented by licensed counsel in federal court," and the Court provided him with ample opportunity to secure legal counsel to represent Defendant's interests. Order (Nov. 12, 2011), ECF No. [11], at 2. Andersson did not take advantage of the opportunity.

default judgment. FED. R. CIV. P. 55(b). Presented with a proper application, the district court must inquire whether the well-pleaded allegations in the complaint state a valid claim for relief and make an independent determination of the sum to be awarded. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). In determining the amount of damages to be awarded, the district court may conduct an evidentiary hearing or it may, in appropriate circumstances, rely on detailed declarations or documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Int'l Painters & Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

### III.  DISCUSSION

The Court has already concluded that Plaintiff's Complaint alleges sufficient facts to support Defendant's liability for breach of the relevant agreements. *See Buckley*, 277 F.R.D. at 21. All that remains is for the Court to make an independent determination of the sum to be awarded. Here, some of the underlying contractual obligations are denominated in a foreign currency. The treatment of contractual obligations denominated in a foreign currency raises a question of substance, not procedure. *See Vishipco Line v. Chase Manhattan Bank, N.A.*, 660 F.2d 854, 865 (2d Cir. 1981), *cert. denied*, 458 U.S. 976 (1982). The Court is satisfied that District of Columbia law applies here because Defendant is headquartered in the District of Columbia, Defendant negotiated and executed the relevant agreements in the District of Columbia, and performance was expected to occur, and in fact did occur, partly in the District of Columbia. *See generally Ideal Elec. Sec. Co v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir. 1997) (outlining the applicable choice-of-law inquiry).

Under District of Columbia law, where the underlying contractual obligation is denominated in a foreign currency, in whole or in part, courts generally apply the "day of

judgment" rule, calculating damages based on the prevailing exchange rate on the date of judgment. *Tramontana v. S.A. Empresa De Viacao Aerea Rio Grandense*, 350 F.2d 468, 478 (D.C. Cir. 1964), *cert. denied*, 383 U.S. 943 (1966).[4]  The prevailing exchange rate for the pound sterling is 1.6, and the prevailing exchange rate for the euro is 1.3351.[5]  Applying the "day of judgment" rule, the €19,946 invoice under the Management Consulting Agreement is converted to $26,629.90; the £50,000 due under the March 2008 Agreement is converted to $80,000; and the €65,000 due under the December 2008 Agreement is converted to $86,781.50.  Adding these amounts to the of $52,000 and $17,444 invoices under the Management Consulting Agreement and the $25,000 due under January 2009 Agreement, Plaintiff is entitled to a judgment in the total amount of $287,855.40.

## IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiff's [12] Renewed Motion for Default Judgment and enter judgment in Plaintiff's favor in the amount of $287,855.40.  An appropriate Order and Judgment accompanies this Memorandum Opinion.

Date:   June 19, 2012

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

[4]  Plaintiff seems to be laboring under the misapprehension that *Tramontana* does not reflect the law of the District of Columbia because it was issued by the United States Court of Appeals for the District of Columbia Circuit.  However, "decisions of the United States Court of Appeals [for the District of Columbia Circuit] rendered prior to February 1, 1971 . . . constitute the case law of the District of Columbia."  *M. A. P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971); *see also Kozup v. Georgetown Univ.*, 851 F.2d 437, 439 n.2 (D.C. Cir. 1988).

[5]  The Court relies upon exchange rate information published by the Financial Management Service pursuant to 22 U.S.C. § 2363(b).